[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2005
THOMAS K. KAHN
CLERK

No. 04-14056
Non-Argument Calendar
_____

D.C. Docket No. 04-00071-CR-T-23-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE NELSON,
a.k.a. KEITH ANTHONY NELSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 26, 2005)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

George Nelson appeals his 41-month sentence for illegal reentry into the

United States after removal, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On

appeal, Nelson argues that the district court erred by applying the United States

Sentencing Guidelines in a mandatory fashion when it calculated his sentence.

After review, we vacate Nelson's sentence and remand for resentencing.

## I. BACKGROUND

Nelson pled guilty, without a written plea agreement, to illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a). During his plea colloquy before a magistrate judge, Nelson admitted that he is a citizen of Jamaica, that he has felony convictions in the United States, and that he was deported to Jamaica on July 14, 1994. Further, Nelson admitted that on January 17, 2004, he knowingly and unlawfully reentered the United States without obtaining the consent of either the Attorney General of the United States or the Secretary for the Department of Homeland Security.

According to the PSI, Nelson first lawfully entered the United States in 1986. In 1988, Nelson was convicted in Florida state court of possession of cocaine. Less than two years later, while still on probation, Nelson was convicted in federal court of conspiracy to possess with intent to distribute cocaine. As a result of the federal conviction, a warrant was issued regarding Nelson's violation of probation from the 1988 state conviction. Immediately following his release from federal custody on July 14, 1994, Nelson was deported to Jamaica. Nelson was unable to resolve the pending state probation violation.

2

On January 17, 2004 Nelson arrived in Tampa, Florida as a crew member on board a cruise ship. When the ship arrived, Nelson, along with the other crew members, went through an inspection conducted by the United States Customs Border Protection. Nelson possessed a Jamaican passport in the name of Keith Anthony Nelson, which contained a crew member visa and a tourist visa in that name. Nelson was processed using a fingerprint scan, which revealed that he had an outstanding warrant based on the probation violation from the 1988 state conviction. Shortly thereafter, the Bureau of Immigration and Customs Enforcement (ICE) began immigration proceedings against Nelson for voluntarily and illegally reentering the United States.

The PSI assigned Nelson a base offense level of 8. Nelson's offense level was increased by 16 levels as a result of his previous deportation after sustaining a conviction for a drug trafficking offense for which the sentence exceeded thirteen months. Nelson also received a three-level reduction for acceptance of responsibility and assisting authorities. Accordingly, Nelson's total offense level was 21. With a criminal history category of II, Nelson's Guidelines range was 41-51 months' imprisonment.

At sentencing, Nelson stated that there were no objections to the factual accuracy of the PSI, but he argued that the Guidelines were unconstitutional in

light of Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004). The district court noted Nelson's objection, but overruled it, stating that it was obligated to impose a Guideline sentence. Nelson further sought a downward departure because he had not entered the United States to live and work, but only as a cruise ship crew member stopping in the United States briefly before heading out to work in international waters.

The district court denied Nelson's motion for a downward departure. However, the district court indicated that the Guidelines range in this case was too severe for the offense, as follows.

> I will say this one seems to me on the range of ones that . . . [are] certainly deserving of a sentence at the low end of the applicable range and would not be – perpaps the purposes of statutory sentencing would be served at an even lower range, but that is not a determination for me to make ab initio at this point.

(Emphasis added). The district court then sentenced Nelson to 41 months' imprisonment followed by 3 years of supervised release. Nelson appealed.

## II. DISCUSSION

In his initial brief on appeal, Nelson relies on Blakely and argues that his sentence was imposed pursuant to an unconstitutional Guidelines scheme.[1]

---

[1]At sentencing in the district court, Nelson objected based on Blakely. Thus, Nelson is entitled to de novo review. United States v. Paz, – F.3d – , 2005 WL 757876, at *2 (11th Cir. April 5, 2005); United States v. Reese, 397 F.3d 1337, 1337 (11th Cir. 2005).

4

On January 12, 2005, the Supreme Court concluded that <u>Blakely</u> applies to the United States Sentencing Guidelines. <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738, 755 (2005). Specifically, the Supreme Court determined that the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the mandatory Sentencing Guidelines, imposes a sentence greater than the maximum authorized by the facts established by the jury or admitted by the defendant. <u>Id.</u> at 749-50, 755-56.

Nelson acknowledges that there is no Sixth Amendment violation in this case. However, Nelson argues, and we agree, that the district court committed statutory error under <u>Booker</u> in sentencing him under a mandatory Guidelines scheme. <u>See</u> <u>United States v. Shelton</u>, 400 F.3d 1325, 1330-31 (11th Cir. 2005) ("[T]he Supreme Court has now excised the mandatory nature of the Guidelines in <u>Booker</u>. Thus, we conclude that it was <u>Booker</u> error for the district court to sentence Shelton under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation.").

Further, we cannot say that the <u>Booker</u> error is harmless in this case.[2] Under harmless-error review, the government has the burden of persuasion with respect to prejudice or the error's effect on substantial rights. <u>United States v. Paz</u>, – F.3d –, 2005 WL 757876, at *2 (11th Cir. April 5, 2005); <u>United States v. Monroe</u>, 353 F.3d 1346, 1352 (11th Cir. 2003). In other words, the government must show the <u>absence</u> of prejudice to the defendant. <u>United States v. Fern</u>, 155 F.3d 1318, 1327 (11th Cir. 1998) ("The appropriate review under the harmless error review standard mirrors the plain error review standard regarding prejudice to substantial rights, except that the burden of persuasion shifts: the government must show the absence of prejudice to the defendant's substantial rights.").

In this case, the government has not met its burden because the sentencing transcript indicates that had the Guidelines been advisory, Nelson's sentence probably would have been shorter. Although sentencing Nelson to 41 months' imprisonment, the district court stated that "perhaps the purposes of statutory sentencing would be served at an even lower range." Thus, the government is unable to show that the error did not affect Nelson's substantial rights.

---

[2]Harmless error review requires that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a). <u>Booker</u> instructs that "in cases not involving a Sixth Amendment violation, whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine." <u>Booker</u>, 125 S. Ct. at 769.

Accordingly, we vacate Nelson's sentence and remand for resentencing consistent with Booker.

We note that in this case, the district court correctly determined the proper Guidelines range for Nelson's conviction is 41-51 months' imprisonment. On remand, the district court is required to sentence Nelson under an advisory Guidelines regime, and shall consider the Guidelines range of 41-51 months' imprisonment, and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." Booker, 125 S. Ct. at 757.[3]

**VACATED AND REMANDED.**

---

[3]We are not saying that on remand the district court must impose a lesser sentence. On remand, the district court may impose the same sentence. Rather, we are saying only that the government has not met its burden to show that the Booker error was harmless.